FILED

12 OCT 29 PM 12:37

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VELASCO, on behalf of himself and all others similarly situated,<br><br>                                    Plaintiffs,<br><br>    vs.<br><br>SEI PHARMACEUTICALS, INC., a Florida Corporation, and DOES 1-10, inclusive,<br><br>                                    Defendant. | CASE NO. 12cv1060 WQH (MDD)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss filed by Defendant SEI Pharmaceuticals, Inc. (ECF No. 5).

## BACKGROUND

On April 30, 2012, Plaintiff Anthony Velasco initiated this action by filing a Complaint. (ECF No. 1). In the Complaint, Plaintiff asserts that Defendant SEI Pharmaceuticals, Inc. violated false advertising laws, California's unfair competition laws, and California's Consumer Legal Remedies Act ("CLRA").

On June 1, 2012, Defendant filed a Motion to Dismiss the Complaint. (ECF No. 5). On June 25, 2012, Plaintiff filed an opposition. (ECF No. 6). On June 29, 2012, Defendant filed a reply. (ECF No. 8).

## ALLEGATIONS OF THE COMPLAINT

Plaintiff asserts the following three causes of action against Defendant: (1) false advertising on the grounds that Defendant made untrue statements and failed to disclose information required by law; (2) unfair competition on the grounds that Defendant made material misrepresentations and failed to disclose required information in marketing and advertising; and (3) violation of CLRA on the grounds that Defendant engaged in unfair competition and deceptive business practices.

Plaintiff asserts that MethylHex 4,2 ("Product") is a dietary supplement product manufactured, marketed, and sold by Defendant containing Dimethylamylamine ("DMAA"). Plaintiff asserts that Defendant markets the Product as "a supplement that can provide an 'elevated sense of well-being, improved mood, increased CLEAN energy, suppressed appetite and heightened focus' .... [and] 'is a powerful CNS stimulant, for added energy, increased clarity and a boost in physical performance' ...." (ECF No. 1 at 3). Plaintiff asserts that "[t]he form of DMAA Defendant uses in the Product is a synthetic form that is both illegal and dangerous," and that "Defendant's advertising statements, which fail to mention the risks associated with this ingredient, are both false and misleading to consumers." *Id.* Plaintiff asserts that Defendant "has also been warned by the FDA that synthetically-produced DMAA is not a 'dietary ingredient' and, therefore, is not eligible to be used as an active ingredient in a dietary supplement." *Id.* at 4.

Plaintiff asserts that "Plaintiff and members of the Class relied on Defendant's misrepresentations and would not have paid as much, if at all, for the Product but for Defendant's misrepresentations." *Id.* at 5.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal

theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

A plaintiff's "grounds" to relief must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

When analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all material facts as they have been plead and construe them in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). To award dismissal, it must be shown beyond doubt that the plaintiff cannot prove any set of facts that would entitle him to relief. *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996).

## DISCUSSION

Defendant contends that Plaintiff has failed to plead his claims of false advertisement and unlawful misrepresentations with the required specificity under Rule 8(a) and 9(b). Defendant contends that "plaintiff has failed to identify a single advertisement or marketing statement by Defendant regarding MethylHex 4,2 or a single specific alleged misrepresentation relating to the products on which his false advertising, unfair competition, or CLRA claims are based." (ECF No. 5 at 21). Defendant contends that "Plaintiff's indistinct and generic allegations are inadequate to apprise Defendant of the alleged violations of law." *Id.* Defendant contends that "plaintiff has also failed to adequately allege that he relied on any

specific advertisements or statements of Defendant when deciding to purchase the product" and that "Plaintiff makes only the bare, vague, and conclusory allegations ... without identifying anywhere in his complaint what these marketing claims are, when and where he saw them and how he relied on them." *Id.* at 22.

Plaintiff contends that "[t]he thrust of Plaintiff's complaint is that Defendant fails to disclose information in the labeling and advertising of the Product concerning the safety of the Product, and misrepresents the DMAA in the Product as a 'dietary ingredient.'" (ECF No. 6 at 14). Plaintiff contends that he properly "alleged that he was lead to purchase the Product based on Defendant's misrepresentations and would not have purchased the Product, or paid substantially less, but for the alleged misrepresentations." *Id.* at 20. Plaintiff contends that he adequately "plead that the DMAA in the Product is unsafe and dangerous, and that Defendant failed to warn consumers of that fact .... [and p]rovided facts ... to establish that Defendant knew or should have known that its Product was dangerous, and that the DMAA in the Product was not a 'dietary ingredient.'" *Id.* at 20-21. Plaintiff asserts that "Plaintiff is capable and willing to provide additional facts surrounding his purchase of the Product, the specific misrepresentations he relied on, and how they misled him." *Id.* at 21.

Rule 8(a) states that a "short and plain statement" is the general threshold for a sufficient pleading. Fed. R. Civ. P. 8(a). Rule 9(b) states that claims of fraud or mistake, such as those alleged here, require a heightened standard of "stat[ing] with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); *see also In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1087 ("Regardless of the title given to a particular claim, allegations grounded in fraud are subject to Rule 9(b)'s pleading requirements."). "A pleading is sufficient under Rule 9(b) if it 'state[s] the time, place and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *In re Sony Grand Wega*, 758 F. Supp. 2d at 1087, quoting *Misc. Serv. Workers, Drivers & Helpers v. Philco–Ford Corp.*, 661 F.2d 776, 782 (9th Cir.1981); *see also Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how'

of the misconduct charged."). In addition, "the plaintiff must plead facts explaining why the statement was false when it was made." *Smith v. Allstate Ins. Co.,* 160 F.Supp.2d 1150, 1152 (S.D.Cal.2001) (citation omitted).

Plaintiff's claims for false advertising, unfair competition, and violation of CLRA are based on allegations of fraudulent omissions and misrepresentations committed by Defendant. Accordingly, Rule 9(b) pleading requirements apply to the claims. In the Complaint, Plaintiff fails to "state the time, place and specific content of the false representations," *Misc. Serv. Workers, Drivers & Helpers,* 661 F.2d at 782, or to "plead facts explaining why the statement was false when it was made," *Allstate Ins. Co.,* 160 F.Supp.2d at 1152. Plaintiff fails to specifically identify "the who, what, when, where, and how of the misconduct charged." *Vess,* 317 F.3d at 1106. Plaintiff fails to "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Absent such particular information in the Complaint, Defendant has not received proper notice of the claims or the grounds for the claims alleged in the Complaint and cannot be held to answer.

The Court finds that the allegations in the Complaint fail to satisfy the pleading requirements of Rule 8(a) and 9(b).

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants (ECF No. 5) is GRANTED. Plaintiff may file a motion for leave to file an amended complaint, accompanied by the proposed amended complaint, within thirty(30) days from the date of this order. If no motion is filed, the case will be dismissed without prejudice and the Clerk of the Court will close the case.

DATED: 10/25/12

WILLIAM Q. HAYES
United States District Judge