# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY VELASCO, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SEI PHARMACEUTICALS, INC., a Florida Corporation, and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO. 12cv1060-WQH-MDD<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion for Leave to File First Amended Complaint filed by Plaintiff Anthony Velasco. (ECF No. 14).

## I.   Background

On April 30, 2012, Plaintiff initiated this action by filing a Complaint in this Court. (ECF No. 1).

On June 1, 2012, Defendant SEI Pharmaceuticals, Inc. filed a Motion to Dismiss the Complaint. (ECF No. 5). On October 29, 2012, the Court granted the Motion to Dismiss and dismissed the Complaint without prejudice. (ECF No. 12).

On November 26, 2012, Plaintiff filed the Motion for Leave to File First Amended Complaint, accompanied by a proposed first amended complaint. (ECF No. 14).

On December 10, 2012, Defendant filed an opposition to the Motion for Leave to File First Amended Complaint. (ECF No. 16). Defendant contends:

> Plaintiff's Motion for Leave to File a First Amended Complaint should be denied. Plaintiff's proposed FAC fails to cure the defects contained within his original Complaint which was dismissed by the Court. Plaintiff's proposed FAC fails to allege cognizable claims under the [California Unfair Competition Law], [California Consumer Legal Remedies Act] and False Advertising laws. Further, Plaintiff's claims fall within the primary jurisdiction of the FDA and under that doctrine, the Court should defer to the regulatory authority of the

FDA.

*Id*. at 16.

On December 17, 2012, Plaintiff filed a reply brief. (ECF No. 17). Plaintiff contends that "Defendant has brought up only repeat arguments from its Motion to Dismiss and does not even address the [Federal Rules of Civil Procedure] 8(a) or 9(b) arguments that were the reason for the Court granting dismissal of the Complaint." *Id*. at 3. Plaintiff contends: "[B]y failing to address the adequacy of those amendments in opposition to Plaintiff's Motion for Leave to Amend, Defendant should further be precluded from raising questions about the adequacy of those amendments in a subsequent Motion to Dismiss." *Id*.

**II. Discussion**

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). In *Foman v. Davis*, 371 U.S. 178 (1962), the Supreme Court offered several factors for district courts to consider in deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

*Foman*, 371 U.S. at 182; *see also Smith v. Pac. Prop. Dev. Co.*, 358 F.3d 1097, 1101 (9th Cir. 2004) (citing *Forman* factors).

"Not all of the [*Foman*] factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital*, 316 F.3d at 1052 (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 185 (9th Cir. 1987)). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital*, 316 F.3d at 1052.

Defendant does not contend that the proposed first amended complaint would impose undue prejudice or that Plaintiff has exhibited undue delay or bad faith. Defendant's sole argument against granting leave to amend is futility.

"In view of Rule 15(a)'s permissive standard, courts ordinarily defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc. v. Toshiba Corp.*, No. C-04-4708, 2006 WL 3093812 at *2 (N.D. Cal., Oct. 31, 2006); *see also Defazio v. Hollister, Inc.*, No. Civ. 04-1358, 2008 WL 2825045 at *2 (E.D. Cal., July 21, 2008) ("While some courts liken the futility inquiry with that of a motion to dismiss, most recognize that denial of leave to amend on futility grounds is rare.") (quotation omitted); *Netbula v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

After reviewing the proposed first amended complaint, the Court finds that the appropriate procedure in this case is to "defer consideration of challenges to the merits of [the] proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Hynix Semiconductor Inc.*, 2006 WL 3093812 at *2. The Court grants Plaintiff's Motion for Leave to File First Amended Complaint. The Court denies Plaintiff's request that "Defendant should ... be precluded from raising questions about the adequacy of [the] amendments in a subsequent Motion to Dismiss." (ECF No. 17 at 3).

**III.   Conclusion**

IT IS HEREBY ORDERED that the Motion for Leave to File First Amended Complaint is GRANTED. (ECF No. 14). No later than fourteen (14) days from the date this Order is filed, Plaintiff may file the proposed first amended complaint which is attached to the Motion for Leave to File First Amended Complaint.

DATED: January 25, 2013

**WILLIAM Q. HAYES**
United States District Judge